UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

UNITED STATES OF AMERICA

v.                                                            CRIMINAL NO. 3:94-00101-01

NORVELL WEBSTER CRUMP

MEMORANDUM OPINION AND ORDER

This matter was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for submission to the Court of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Taylor has submitted findings of fact and conclusions of law and recommended that the Motion to Clarity Sentence (doc. 215) of Norvell Webster Crump be denied without prejudice to his right to file a petition under 28 U.S.C. § 2241 in the United States District Court for the District of Colorado. Mr. Crump objects to these findings and recommendations. Upon *de novo* review, the Court accepts and incorporates herein the findings and recommendations of Magistrate Judge Taylor and **DENIES** Mr. Crump's motion without prejudice to his right to file in the United States District for the District of Colorado.

On February 22, 1996, Mr. Crump was sentenced to two concurrent life sentences, as well as a five-year sentence to run consecutively to the two life sentences. On February 21, 2007, Mr. Crump filed a Motion to Clarify Sentence, purportedly under Fed. R. Crim. P. 35(a) and 18 U.S.C. § 3742. In this motion, he argued that the Court "seemed to ignore the statutory payment factors provided by [18 U.S.C.] § 3664(f)(2)(A)-[(C)] by imposing immediate payment of the full amount of restitution" and "impermissibly delegated the payment schedule during incarceration to the Bureau of Prisons (BOP)." In his Motion Objecting to Judge Taylor's Findings and Recommendation, Mr. Crump appeared to expand his complaint. In that document, he argued that

"any and all civil rights heretofore forfeited are restored, unless otherwise prohibited by law." In particular, he appeared to claim that his rights to vote, hold public office, serve on a jury and, perhaps, bear arms should be restored. In support of this claim, he cites 18 U.S.C. § 921(a)(20) and 18 U.S.C. § 924(e)(1). Finally, he apparently contends that Magistrate Judge Taylor could have construed his motion "as Fed. R. Civ. P. 60(b)."

None of the cited statutes and rules afford Mr. Crump any relief. Fed. R. Crim. P. 35(a) permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" "[w]ithin 7 days after sentencing." Aside from the fact that Mr. Crump's sentence is not a result of error, the seven-day window for correction has clearly long closed. Moreover, because the sentence was not in violation of the law and did not exceed the sentencing guidelines in any way, 18 U.S.C. § 3742 does not apply. Mr. Crump's argument that the Court ignored § 3664(f)(2) is also without merit. After considering the three factors listed in this subsection, the Court clearly had discretion to impose a fine payable immediately. Furthermore, "[i]n this case, the district court did set the amount and timing of the criminal monetary penalties by ordering payment due immediately." *United States v. Caudle*, 261 Fed. Appx. 501, 503-504 (4th Cir. 2008). Thus, this responsibility was not delegated to the BOP, as Mr. Crump argues. *See id.*

Mr. Crump's remaining citations are equally unavailing. His crime is not one described in 18 U.S.C. § 921(a)(20), which has no application here. Section 924(e)(1) is also clearly inapplicable: that section provides a term of minimum incarceration for those with three prior violent felony or serious drug offenses. Lastly, Mr. Crump cites a rule of *civil* procedure, Fed. R. Civ. P. 60(b). Even assuming he meant to cite Fed. R. Crim. P. 60(b), that rule clearly provides him no relief. Rather, that subsection deals with the enforcement and limitations of the rights of victims of crimes.

In any event, claims such as Mr. Crump's should be construed as petitions for habeas corpus under 28 U.S.C. § 2241, *see Coleman v. Brooks*, 133 Fed. Appx. 51, 52 (4th Cir. 2005), and "must . . . be filed in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332

(4th Cir. 2000). Because Mr. Crump is being detained in Colorado, the district court in that state would be the appropriate court to entertain a petition challenging the circumstances of Mr. Crump's detention. Accordingly, the Court **DENIES** the motion. Such denial shall be without prejudice to Mr. Crump's right to file in the United States District for the District of Colorado.

ENTER: July 15, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE